FILED
U.S. DISTRICT COURT
DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2011 JUN 16 AM 10: 40
CLERK R. Cup.
SO. DIST. OF GA.

| | | |
|---|---|---|
| JORGE CORTES-MORALES, | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO.: CV210-159 |
| ANTHONY HAYNES, Warden, | : | |
| Respondent. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jorge Cortes-Morales ("Morales"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Morales filed a Traverse, as amended. For the following reasons, Morales' petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Morales was convicted in the District of Puerto Rico, after pleading guilty, of being a felon and an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Morales was sentenced to 210 months' imprisonment. (Doc. No. 11, pp. 2-4). Morales did not file a direct appeal.

Morales filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Morales asserted that his plea was not knowing, voluntary, or

intelligent; his sentence violated the double jeopardy clause; and that he received ineffective assistance of counsel. Morales' motion was granted, in part, for the limited purpose of amending the judgment to impose a concurrent sentence. Morales' motion was denied on all other grounds. (Doc. No. 11-7). In the instant petition, Morales contends that he does not have the necessary predicate offenses to have been sentenced as an armed career criminal, and, as a result, his current sentence violates the due process clause.

Respondent asserts that Morales is not entitled to relief pursuant to the savings clause because his claim is not based on a retroactively applicable Supreme Court decision and he cannot show he was convicted of a nonexistent offense. Respondent also asserts that Morales' prior conviction for attempting to sell a controlled substance is a "serious drug offense" predicate for application of the Armed Career Criminal Act ("ACCA").

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by

2

> motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Morales has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Morales asserts that the remedy afforded by section 2255 is inadequate or ineffective because "the due process rules on which [he] hinges his fate upon have not been endorsed or made retroactive by the Supreme Court to cases on collateral review, and thus, a second [s]ection 2255 motion is unavailable." (Doc. No. 1-2, pp. 5-6). Morales also asserts that he cannot raise a statutory claim for relief under § 2255.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed

AO 72A
(Rev. 8/82)

consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Morales admits that his claim is not based on a retroactively applicable Supreme Court decision. In addition, Morales fails to present evidence that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Further, despite Morales' contention to the contrary, the restrictions applicable to the filing of a second or successive § 2255 motion do not render that statute's remedy inadequate or ineffective to allow a petitioner to attack his sentence enhancement under the ACCA pursuant to section 2241. Gilbert v. United States, No. 09-12513, ___ F.3d ___, 2011 WL 1885674, at *19 (11th Cir. May 19, 2011) (citing In re Davenport, 147 F.3d 605, 607 (7th Cir. 1998), with approval, for the proposition that a petitioner cannot be allowed to file a second or successive motion under § 2241 to challenge his sentence based on a claim he was innocent of being an armed career criminal and that allowing this practice would "make an arbitrary hole" in the Anti-terrorism and Effective Death Penalty Act of 1996). In sum, Morales has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal"

4

to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Morales cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Morales is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Morales' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)