IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JORGE CORTES-MORALES,

    Petitioner,

v.    CIVIL ACTION NO.: CV210-159

ANTHONY HAYNES, Warden,

    Respondent.

## ORDER

Presently before the Court is Petitioner Jorge Cortes-Morales' ("Cortes-Morales") Motion for Reconsideration of the undersigned's Order dated July 8, 2011. That Order adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court over Cortes-Morales' Objections, and Morales' 28 U.S.C. § 2241 petition was dismissed. In this Motion, Cortes-Morales asserts that he is actually innocent of the Armed Career Criminal Act ("ACCA") enhancement, as his sentence exceeds the statutory maximum. Respondent filed a Response. Cortes-Morales' Motion for Reconsideration is **GRANTED** for the limited purpose of determining whether he

presents a meritorious sentencing claim. The undersigned's Order dated July 8, 2011, is **vacated**. However, for the reasons which follow, this case shall remain closed.[1]

Cortes-Morales contends that a conviction pursuant to New York Penal Law § 220.39 is not a predicate offense under the ACCA, and thus, he was sentenced improperly under the ACCA. Respondent states that the United States has conceded that a sentence imposed above the statutory maximum may qualify as a fundamental defect entitling a petitioner to relief under § 2241, which is a question the Wofford court left open. However, Respondent asserts that Cortes-Morales' prior conviction for the attempted sale of a controlled substance remains a predicate offense under the ACCA. The Court agrees.

Pursuant to the ACCA, "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both . . . shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" as, *inter alia*, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. 924(e)(2)(A)(ii). Under New York Penal Law §

---

[1] Cortes-Morales fails to meet the three-prong test set forth in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), and thus, he does not satisfy 28 U.S.C. § 2255's savings clause and cannot proceed with his section 2241 petition via the savings clause. Specifically, Cortes-Morales' contention that Carachuri-Rosendo v. Holder, 560 U.S. ___, 130 S. Ct. 2577 (2010), applies retroactively to disallow the use of his prior conviction as a predicate to his sentencing under the ACCA is without merit. Bogardus v. United States, No. CV110-115, 2012 WL 292870, at *6 (S.D. Ga. Jan. 4, 2012) (noting that "an exhaustive search reveals that nearly every court to consider whether Carachuri applies retroactively has concluded that it does not.") (collecting cases), adopted by order dated Jan. 13, 2012; Gill v. Keller, No. 1:11-CV-3552-TWT-GGB, 2011 WL 6337720 (N.D. Ga. Nov. 15, 2011). In light of the Eleventh Circuit Court of Appeals' recent determination in Chaplin v. Hickey, No. 10-12022 (Feb. 15, 2012), the Court reviews the merits of Cortes-Morales' claims as an alternative ground for finding Cortes-Morales is not entitled to relief pursuant to § 2241.

220.39, it is unlawful to "knowingly and unlawfully" sell a controlled substance. An attempt to commit a violation of § 220.39 qualifies as a Class C felony, N.Y. Penal Law § 110.05, which will result in a sentence of no more than 15 years' imprisonment. N.Y. Penal Law § 70.00. Cortes-Morales was convicted for a violation of New York Penal Law § 110.05. (Doc. No. 11, pp. 9-10). Because Cortes-Morales was convicted under the laws of a State of an offense which subjected him to a term of imprisonment of ten years or more, his prior offense qualifies as a predicate serious drug offense under the ACCA. Thus, Cortes-Morales was not sentenced improperly under the ACCA. Cortes-Morales' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DENIED**.

**SO ORDERED**, this 13 day of March, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)